UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

---

MONTREAL LINN                                CIVIL ACTION NO. 23-547

VERSUS                                       JUDGE ELIZABETH E. FOOTE

LOUISIANA WORKFORCE COMMISSION               MAGISTRATE JUDGE PEREZ-MONTES

---

## MEMORANDUM RULING

Before the Court is an unopposed Motion to Dismiss filed by Defendant, the Louisiana Workforce Commission. See Record Document 9. For the reasons assigned below, the motion to dismiss is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

Plaintiff, Montreal Linn ("Linn"), filed a "Complaint Under Section 706(f) of the Civil Rights Act of 1964" against the Louisiana Workforce Commission. See Record Document 1. In the complaint, Linn alleged the following:

> Plaintiff Montreal Linn was discrimination, age retaliation, harassment, age, ADA, employment Act of 1967 Title VII, negligence, breach contract, tort, remedy. All damges injury, mental illness, pain suffering, civil rights, by Louisiana Workforce Commission…Plaintiff Montreal was discriminated by Louisiana Workforce Commission.

Record Document 1 at pp. 1–2 [sic]. Before filing the complaint, Linn filed these charges with the Equal Employment Opportunity Commission ("EEOC"). See Record Document 1-2. The "Charge of Discrimination" alleged that in September of 2021, Linn worked as a sanitation worker for the National Dislocated Workers Program under the Ouachita Police Jury. See id. at pp. 8–9. He further alleged that during his employment, he was discriminated against based on his "sex (sexual orientation), age (43), disability and retaliated against. . .." Id. at p. 9. Linn alleged he was subjected

1

to harassment by his City of Monroe supervisor, Frederick Coleman ("Coleman"). See id. Coleman allegedly made jokes about Linn's sexual preference, questioned if he knew "the difference between a man and a woman in regard to wearing a dress [,]" and required him to complete tasks outside his job description. Id. On December 21, 2021, Linn was discharged by the City of Monroe but continued to participate in the National Dislocated Workers Program. See id. On May 31, 2022, Linn resigned. See id.

Linn received a right to sue letter from the EEOC. See id. at p. 1. The EEOC declined to proceed with its investigation and made "no determination about whether further investigation would establish violations of the statute." Id. After receiving the notice, Linn filed this complaint, and the Louisiana Workforce Commission filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), for improper venue pursuant to Rule 12(b)(3), and for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). See Record Document 9-1 at p. 2.

## LAW AND ANALYSIS

**A. Motion to Dismiss for Lack of Subject Matter Jurisdiction.**

The Court turns first to the issue of whether Linn's claims are barred by Louisiana state sovereign immunity. In his complaint, Linn alleges four different causes of action against the Louisiana Workforce Commission: 42 U.S.C. § 1983; Title VII of the Civil Rights Act; the Age Discrimination in Employment Act ("ADEA"); the Americans with Disabilities Act ("ADA"); and Louisiana state contract and tort law. See Record Document 1 at pp. 1–2. The Louisiana Workforce Commission contends that all the claims are barred by sovereign immunity. Jurisdiction as to each of Linn's claims is discussed below, but the court begins with a general discussion of sovereign immunity and the Court's jurisdiction.

The Louisiana Workforce Commission framed their motion as a motion to dismiss for lack of subject matter jurisdiction. Motions filed under Federal Rule of Civil Procedure 12(b)(1) challenge the court's exercise of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). The party asserting jurisdiction always has the burden of proof as to a Rule 12(b)(1) motion to dismiss. See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). If the court finds that it lacks subject matter jurisdiction, it must dismiss without prejudice. See id. For this reason, "[w]hen a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, the court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits." Id. (citing Hitt v. City of Pasadena, 561 F.2d 606, 608 (5th Cir. 1977) (per curium)).

Generally, the Fifth Circuit has treated a dismissal based on state sovereign immunity as jurisdictional under Federal Rule Civil Procedure 12(b)(1). See Cantu Servs., Inc. v. Roberie, 535 F. App'x 342, 346 n.3 (5th Cir. 2013).[1] Therefore, this Court will follow the Fifth Circuit and treat this issue of state sovereign immunity as a jurisdictional dismissal under Federal Rule Civil Procedure 12(b)(1).

Federal court jurisdiction is limited by the Eleventh Amendment which bars suits in federal court brought by a citizen against a state or its agencies. See U.S. Const. Amend. XI; Vogt v. Bd. of Comm'rs of Orleans Levee Dist., 294 F.3d 684, 688 (5th Cir. 2002). When a suit is filed against a state agency, the Eleventh Amendment immunity extends to the state agency that is deemed the "alter ego" or the "arm" of the state. See Vogt, 294 F.3d at 689. Therefore, a citizen may not recover monetary damages or injunctive relief from a state agency unless the state has waived its

---

[1] The Court notes that the Fifth Circuit recognizes "the uniquely ambiguous character of Eleventh Amendment immunity." Cantu, 535 F. App'x at 346 n.3. State sovereign immunity is unique because it contains traits that limit jurisdiction similar to subject matter jurisdiction but also acts as an affirmative defense because it may be waived by the state. See Union Pac. R. Co. v. Louisiana Pub. Serv. Comm'n, 662 F.3d 336, 340 (5th Cir. 2011).

immunity. See Cozzo v. Tangipahoa Par. Council--Pres. Gov't., 279 F.3d 273, 280 (5th Cir. 2002). The Fifth Circuit considers the Louisiana Workforce Commission to be an arm of the state of Louisiana for the purposes of Eleventh Amendment immunity. See Chaney v. La. Work Force Comm'n, 560 F. App'x 417, 418 (5th Cir. 2014) (per curium).

A state can waive its Eleventh Amendment immunity. See Idaho v. Coeur d'Alene Tribe of Idaho, 521 U.S. 261, 267 (1997). "By statute, Louisiana has refused any such waiver of its Eleventh Amendment sovereign immunity regarding suits in federal courts." Cozzo, 279 F.3d at 281; La. R.S. § 13:5106(A). Additionally, Congress may abrogate a state's Eleventh Amendment immunity even if the state does not consent. See Seminole Tribe of Fla. v. Fla., 517 U.S. 44, 55 (1996). To abrogate a state's Eleventh Amendment immunity, Congress must "unequivocally" express its intent and act "pursuant to a valid exercise of power." Fla. Prepaid Postsecondary Educ. Expense Bd. v. Coll. Sav. Bank, 527 U.S. 627, 634 (1999).

**1. Linn's Section 1983, ADEA, ADA, and State Law Contract and Tort Claims.**

The Court now turns to the specific causes of action alleged by Linn. First, as to the claims asserted under § 1983 and the ADEA, Congress did not abrogate state sovereign immunity. See Cozzo, 279 F.3d at 281 ("We note that in enacting § 1983, Congress did 'not explicitly and by clear language indicate on its face an intent to sweep away the immunity of the States.'") (quoting Quern v. Jordan, 440 U.S. 332, 345 (1979)); see also Raj v. La. State Univ., 714 F.3d 322, 328 (5th Cir. 2013) ("Congress has not abrogated state sovereign immunity under the ADEA"). Therefore, the claims arising under § 1983 and the ADEA are barred by sovereign immunity.

The complaint does not specify which provision of the ADA was allegedly violated. Title I of the ADA prohibits states from "discriminat[ing] against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of

4

employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Based on the facts provided in the complaint, this Court finds that the relevant provision of the ADA is Title I. See Record Document 1-2 at p. 9. Congress did not abrogate state sovereign immunity by enacting Title I of the ADA. See Bd. of Trustees of U. of Ala. v. Garrett, 531 U.S. 356, 374 (2001). Therefore, the claim arising under the ADA is barred by sovereign immunity.

Lastly, sovereign immunity also bars this Court from hearing Linn's state law contract and tort claims. See Raj, 714 F.3d at 329 ("[S]overeign immunity bar[s] federal courts from hearing state law claims brought in federal court against state entities."); see also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 121 (1984). Therefore, the claims arising under Louisiana state contract and tort law are barred by sovereign immunity.

As a result of these claims being barred by Louisiana's state sovereign immunity, the claims arising under § 1983, the ADEA, the ADA, and Louisiana state contract and tort law are dismissed without prejudice, and the Louisiana Workforce Commission's motion to dismiss is granted as to these claims.

**2. Linn's Title VII of the Civil Rights Act Claim.**

The remaining claim is an alleged violation of Title VII of the Civil Rights Act. Title VII expressly authorizes suits against the states and abrogates Eleventh Amendment immunity because it was passed pursuant to Section Five of the Fourteenth Amendment. See Fitzpatrick v. Bitzer, 427 U.S. 445, 456–57 (1976); see also Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 n.1 (5th Cir. 2002) (finding that the Fifth Circuit has "long recognized that Congress has clearly abrogated the states' Eleventh Amendment immunity in enacting Title VII"). Because Congress abrogated Louisiana's immunity from suit under Title VII, Linn's claim against the Louisiana

5

Workforce Commission is not subject to dismissal under the Eleventh Amendment. Although this claim is not barred by sovereign immunity, it must be dismissed on other grounds outlined below.

### B. Motion to Dismiss for Improper Venue.

The Louisiana Workforce Commission also moved to dismiss Linn's claims under Federal Rule of Civil Procedure 12(b)(3) for improper venue. When a defendant objects to venue, the burden is on the plaintiff to establish that his chosen venue is proper. See Perez v. Pan Am. Life Ins., 70 F.3d 1268, 1995 WL 696803, *2 (5th Cir. 1995). "On a Rule 12(b)(3) motion to dismiss for improper venue, the court must accept as true all allegations in the complaint and resolve all conflicts in favor of the plaintiff." Braspetro Oil Servs., Co. v. Modec (USA), Inc., 240 F. App'x 612, 615 (5th Cir. 2007).

Venue for Linn's claims is governed by the general venue statute, under which venue is proper in: (1) a judicial district in which any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or (3) if neither of the above, any judicial district in which any defendant is subject to the court's personal jurisdiction. See 28 U.S.C. § 1391(b).

The complaint alleged that Linn was subjected to harassment by his City of Monroe supervisor. See Record Document 1-2 at p. 9. The specific examples of the alleged harassment took place during his time working for the City of Monroe, and Linn was discharged by the City of Monroe. See id. The Court finds that this case was properly brought in the Western District of Louisiana, Monroe Division because a substantial part of the events or omissions giving rise to Linn's claim occurred within that District.[2] Therefore, venue is proper.

---

[2] The Louisiana Workforce Commission argued that a suit against a state agency is only proper in the Middle District of Louisiana because state law controls the propriety of venue in this federal suit. See Record Document 9-1 at p. 6; see La. R.S. § 13:5104(A) (in a suit filed against a state agency, venue is proper either in "the district court of the judicial district in which the state capitol

6

C. **Motion to Dismiss for Failure to State a Claim.**

Turning to Linn's remaining claim under Title VII of the Civil Rights Act, the Court holds that Linn has failed to state a claim for relief in that Linn was not an employee of the Louisiana Workforce Commission. Generally, a motion to dismiss under Rule 12(b)(6) is appropriate when the plaintiff fails to state a legally cognizable claim. See Fed. R. Civ. P. 12(b)(6). The moving party has the burden under a Rule 12(b)(6) motion to dismiss. See Philips N. Am., LLC v. Image Tech. Consulting, LLC, 22-CV-0147, 2022 WL 17168372, at *7 (N.D. Tex. Nov. 21, 2022). In considering a Rule 12(b)(6) motion to dismiss, the district court "accept[s] all well-pleaded facts as true and view[s] those facts in the light most favorable to the plaintiff." Gonzalez v. Kay, 577 F.3d 600, 603 (5th Cir. 2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]—that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Importantly,

---

is located or in the district court having jurisdiction in the parish in which the cause of action arises."). Defendant's argument is misplaced. This Court is required to follow federal civil procedure to determine venue rather than Louisiana state law. See Spencer v. Allstate Ins. Co., No. 2:16-CV-605-JRG, 2016 WL 6879598, at *1 n.2 (E.D. Tex. Nov. 22, 2016) ("However, in light of Congress's power to prescribe housekeeping rules for federal courts under Article III of the Constitution, as recognized by Erie RR Co. v. Tompkins and its progeny, this Federal Court is obligated to follow federal venue law rather than Texas state law."). Even if the Court were persuaded by Defendant's argument that the statute was applicable, venue is proper "in the district court having jurisdiction in the parish in which the cause of action arises." La. R.S. § 13:5104(A). Therefore, the Western District of Louisiana is the proper venue in which the cause of action arose.

legal conclusions without factual support are not entitled to the presumption of truth. See Young Conservatives of Tex. Found. v. Univ. of N. Tex., 569 F. Supp. 3d 484, 489 (E.D. Tex. 2021). "The court's review is limited to the complaint, any documents attached to the complaint, and any documents attached to the motion to dismiss that are central to the claim and referenced by the complaint." Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

Under Title VII, it is an unlawful employment practice for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. Additionally, the statute prohibits retaliation if an employee opposes any practice made unlawful by Title VII. See 42 U.S.C. § 2000e-3(a). To adequately plead a retaliation claim, the plaintiff must show that (1) he participated in an activity protected by Title VII, (2) his employer took an adverse employment action against him, and (3) a causal connection exists between the protected activity and the adverse employment action. See McCoy v. City of Shreveport, 492 F.3d 551, 556-557 (5th Cir. 2007). For an adverse employment action, "a plaintiff need only allege facts plausibly showing discrimination in hiring, firing, compensation, or in the 'terms, conditions, or privileges' of his or her employment." Hamilton v. Dallas Cnty., 79 F.4th 494, 502–03 (5th Cir. 2023).

Linn sued the Louisiana Workforce Commission for claims arising under Title VII of the Civil Rights Act. To succeed under this claim, the Louisiana Workforce Commission must have been Linn's employer. Further, the complaint must plausibly allege that the Louisiana Workforce Commission violated Linn's rights under Title VII. However, Linn failed to plead any facts that he was employed by the Louisiana Workforce Commission or that the Louisiana Workforce

Commission violated his rights. See Record Document 1.  The complaint alleged that he "was discriminated by [the] Louisiana Workforce Commission" and retaliated against in violation of Title VII by his supervisor, Frederick Coleman. Id. at p. 1; see Record Document 1-2 at p. 9. However, these are legal conclusions, not facts.  In addition to failing to show that the Defendant in this matter is his employer for purposes of Title VII, Linn failed to provide any facts to draw a link between the alleged conduct and the Louisiana Workforce Commission. Linn must identify facts to support his claim and survive a motion to dismiss.  Legal conclusions masquerading as facts are wholly insufficient. Here, Linn has failed to plausibly allege sufficient facts to survive dismissal.  Therefore, the motion to dismiss is granted pursuant to Rule 12(b)(6) regarding the Title VII retaliation claim.

The lack of factual allegations of an employment relationship would also be fatal to Linn's claims arising under the ADEA and ADA if those claims were not barred by sovereign immunity, Linn failed to plead any facts that he was employed by the Louisiana Workforce Commission. See Brennan v. Mercedes Benz USA, 388 F.3d 133, 136 (5th Cir. 2004) (affirming the dismissal of the plaintiff's ADA claim for failure to establish that an employment relationship existed); see also Coleman v. New Orleans & Baton Rouge S.S. Pilots' Ass'n, 437 F.3d 471, 481–82 (5th Cir. 2006) (affirming the dismissal of the plaintiffs' ADEA claims because the plaintiffs did not establish an employment relationship).

## CONCLUSION

For the reasons stated herein, the Louisiana Workforce Commission's motion [Record Document 9] is **GRANTED IN PART** and **DENIED IN PART**. It is denied as to the claim of improper venue. It is granted in all other aspects, and all claims are dismissed. As to Linn's claims arising under § 1983, the ADEA, the ADA, and Louisiana state contract and tort law, those claims

9

are **DISMISSED WITHOUT PREJUDICE**. As to Linn's claim arising under Title VII of the Civil Rights Act, that claim is **DISMISSED WITH PREJUDICE.**

  **THUS DONE AND SIGNED** in Shreveport, Louisiana, this _10th__ th day of January, 2024.

            ELIZABETH ERNY FOOTE
            UNITED STATES DISTRICT JUDGE